IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE<br><br>MAUI FIRE CASES | CIVIL NO. 24-00035 HG-BMK<br><br>FINDINGS AND RECOMMENDATION TO REMAND CASE |

**FINDINGS AND RECOMMENDATION TO REMAND CASE**

On January 25, 2024, Hawaiian Electric Industries, Inc., Maui Electric Company, Limited, Hawaiian Electric Company, Inc., and Hawaii Electric Light Company, Inc. (collectively "HECO") removed a "Master Complaint" filed in a "Special Proceeding" in the Circuit Court of the Second Circuit, State of Hawai'i, which was created to consolidate and coordinate individual actions related to the August 2023 Maui wildfires, including the "Lahaina Fire," "Olinda Fire," and "Kula Fire." ECF No. 1; ECF No. 1-1; ECF No. 1-2. HECO bases removal of the Master Complaint and Special Proceeding on the Multiparty, Multiforum, Trial Jurisdiction Act ("MMTJA"), 28 U.S.C. §§ 1369, 1441(e).[1] *See* ECF No. 1. On

---

[1] The MMTJA provides jurisdiction over any civil action involving minimal diversity arising out of a "single accident, where at least 75 natural persons have

January 29, 2024, the Court issued an Order to Show Cause ("OSC") why this action should not be remanded, given that the Master Complaint, which identified no specific plaintiff, was not the operative pleading unless and until a plaintiff filed either a "Notice of Adoption" or "Short Form Complaint" in their respective individual actions in state court, also directing HECO to address why it should not be required to remove each of those separate individual actions that may adopt the Master Complaint—but only after adoption occurs, if removal was appropriate. ECF No. 6. HECO filed a response to the OSC on January 30, 2024, ECF No. 7 ("Response"), and the Court permitted Plaintiffs' Liaison Counsel to file a reply, which they did on February 2, 2024, ECF No. 9 ("Reply").

Because HECO has not demonstrated the Court has subject matter jurisdiction over this action, it RECOMMENDS THAT THIS CASE BE REMANDED. *See* 28 U.S.C. § 1447(c).

---

died in the accident at a discrete location," provided certain additional criteria are met regarding where defendants reside and where the accident occurred. 28 U.S.C. § 1369. At present, there are nearly 100 actions involving the Lahaina Fire pending in this District, most of which HECO removed based on the MMTJA. There are pending motions to remand in nearly all those actions, premised in part on the argument that removal under the MMTJA was improper. *See, e.g.*, *Eder v. Maui Electric Company, Ltd.*, Civil No. 23-00459-JAO-BMK. The Court has directed consolidated briefing on that jurisdictional issue, which it need not address here given remand is based on different grounds.

## I.  LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in a state court to federal district court if the district court has original jurisdiction.  *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679–80 (9th Cir. 2006).  "Removal and subject matter jurisdiction statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'"  *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Serv. LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam))); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).  Courts should presume that a case lies outside the limited jurisdiction of the federal courts.  *See Hunter*, 582 F.3d at 1042.

## II.  DISCUSSION

The Court concludes HECO has not demonstrated that removal of the Master Complaint, and with it the Special Proceeding, is proper.  In response to Liaison Counsel's argument that there are no parties to the Special Proceeding,

which is instead merely a case management device, HECO states: "'[t]he *parties sought to be brought into this Special Proceeding*' consist of Hawaiian Electric, Hawaiian Telecom, Inc./Cincinnati Bell, Inc., Spectrum Oceanic, LLC, Kamehameha Schools, Maui County, West Maui Land Co. entities, the State of Hawai'i, *and all individual plaintiffs who adopt the Master Complaint*." ECF No. 7 at 9 (citation omitted) (third emphasis added). But, in doing so, HECO fails to address the Court's central concern that, until those individual plaintiffs adopt the Master Complaint, there is no information *in this action* who those plaintiffs are, which parties they are choosing to name as defendants, and which claims they are bringing. *See, e.g.*, ECF No. 1-2 at 11–13 (Case Management Order from the Special Proceeding making clear that plaintiffs in each separate action must take additional steps—by filing a "Short Form Complaint" or a "Notice of Adoption"— before the Master Complaint becomes the operative pleading in their respective case); ECF No. 1-5 (Notice of Removal attaching only one example of an individual plaintiff's Notice of Adoption filed in their individual case then-pending in state court)[2]; *see also* ECF No. 7 at 12 (HECO's Response noting that "the Master Complaint has also already been adopted in more than a dozen cases and is the operative pleading *in those cases*") (emphasis added).

---

[2] That individual action has since been removed. *See Honda, et al. v. Hawaiian Electric Industries, Inc., et al.*, Civil No. 24-00051-JAO-BMK.

4

In the OSC, the Court cited an example where a district court remanded an action when a master complaint was on file, but the defendant removed an individual case before the individual had filed a short-form complaint. *See In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 2012 WL 4757693, at *2–3 (E.D. Pa. Oct. 5, 2012) ("It is not until the Short Form Complaint is filed that the defendant can know exactly what allegations are being made by the plaintiff in a court of law."). HECO distinguishes that case by arguing that jurisdiction was uncertain there until the short form complaint was on file—unlike here, where MMTJA jurisdiction is apparent from the face of the Master Complaint based on its discussion of and claims arising out of the Lahaina Fire. *See* ECF No. 7 at 14–16. But, as Liaison Counsel notes and HECO concedes, the Special Proceeding *also* explicitly coordinates and consolidates individual actions arising out of the Olinda and Kula Fires (collectively, "the Upcountry Fires"), and HECO further concedes any individual action that adopts the Master Complaint *only* as to claims arising out of the Upcountry Fires is *not* removable under the MMTJA. *See* ECF No. 7 at 12; ECF No. 9 at 47. Nor is the existence of such non-removable cases merely hypothetical; HECO concedes they exist. *See* ECF No. 7 at 12 ("there are two or three that pertain solely to other fires (and will not be removed)"); *see also Loui, et al. v. Hawaiian Electric Industries, Inc., et al.*, Civil No. 23-00527-JAO-BMK (HECO stipulating to remand action where plaintiff

5

intends to amend allegations to remove reference to Lahaina Fire and seek damages only arising out of the Kula Fire).  So the Court is not convinced that HECO has demonstrated removal of the Master Complaint on its own (and with it the entire Special Proceeding) is appropriate when it is *not* apparent which plaintiffs are part of the Special Proceeding and in what manner they have adopted the Master Complaint, yet it *is* apparent that the Court lacks jurisdiction over certain of those plaintiffs' claims, i.e., arising only out of the Upcountry Fires.

In its Response, HECO cites a number of cases to convince the Court that removal is appropriate, but none are helpful here.  For example, the Court is not persuaded by the cases HECO relies on for the notion that federal courts (including in this District) have accepted state court actions styled as special proceedings.  *See* ECF No. 7 at 10 (citing *In re Kendricks*, 572 F. Supp. 2d 1194, 1196–97 (C.D. Cal. 2008) and *State Farm Mut. Auto. Ins. Co. v. Kohatsu*, 2011 WL 13233204, at *1 (D. Haw. Dec. 23, 2011)).  In those cases, the special proceeding involved discrete and identifiable claims against named parties at the time of removal.  As apparent from the preceding discussion, that is not the case here—nor is the Court remanding merely based on the fact that the underlying state court action is styled as a special proceeding.

For similar reasons, HECO's citation to *Passa v. Derderian*, 308 F. Supp. 2d 43, 64 (D.R.I. 2004), also does not convince the Court that removal was

appropriate. In *Passa*, the district court concluded MMTJA jurisdiction existed over various cases involving a nightclub fire. *See id.* HECO relies on the fact that the district court in *Passa* concluded it was proper for the defendants to remove "miscellaneous petitions," which were "ancillary proceedings filed on behalf of potential plaintiffs and defendants" to preserve evidence from the fire, which resulted in a warehouse of evidence being placed under the custody and control of the state court. *See id.* Those petitions—unlike the Master Complaint and Special Proceeding here—were themselves standalone proceedings (brought by identified victims against identified respondents and interested parties) that resulted in the state court obtaining jurisdiction over evidence relevant to other proceedings that were eventually removed to federal court. *See id.* at 47 & n.6, 64. Those facts prompted the district court to reason it must also have jurisdiction under the MMTJA over those petitions (and, importantly that evidence). *See id.* In *Passa*, though, the court was not dealing with a state proceeding consolidating allegedly removable actions about one fire (that, on their own, have already been removed), but that also consolidated non-removable actions addressing other fires. Moreover, here, there is no indication the Second Circuit has taken custody of evidence relevant to the removed Lahaina Fire actions. So the Court is not persuaded *Passa* provides any reason not to remand here.

7

Nor do HECO's stated concerns regarding the Special Proceeding interfering with federal court jurisdiction provide a reason to recognize jurisdiction that would not otherwise exist. *See, e.g.*, ECF No. 7 at 8–10, 15. It appears that HECO has now, as it confirmed it would, *see id.* at 6, 8, begun to remove any state court action adopting the Master Complaint where a plaintiff checks the box that the claims relate to the Lahaina Faire. So, practically speaking, those cases (as well as those already removed) are no longer part of the Special Proceeding—meaning their parties are no longer bound by orders from the Special Proceeding. *See, e.g.*, ECF No. 9 at 4 (Liaison Counsel's Reply acknowledging that, "after [HECO] removed the Lahaina fire cases, the special proceeding no longer covered those cases"). To the extent HECO claims Liaison Counsel is nonetheless attempting to obtain relief in state court related to these removed actions, HECO has mechanisms available to it to address that, which do not involve removing a proceeding that is not removable. *See* ECF No. 7 at 18 n.6.

In sum, HECO cites no case—binding or otherwise—where a federal court has accepted jurisdiction in a scenario analogous to the one presented here. *See* ECF No. 7 at 12 (contending "[t]here is no categorical bar on removal of a Master Complaint," but citing only *Montgomery v. Hoffman-La Roche, Inc.*, 2012 WL 3020354, at *2 (E.D. Pa. July 24, 2012), which noted it was hypothetically possible that removal of *an individual plaintiff's action*—not a consolidated proceeding—

*may* be appropriate based on the master complaint plus *that individual plaintiff's* fact sheet). For this reason, and those stated above, the Court RECOMMENDS remand for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

### III. CONCLUSION

Based on the foregoing, the Court FINDS that this case was improperly removed and RECOMMENDS remand to the Circuit Court of the Second Circuit, State of Hawaiʻi.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaiʻi, February 7, 2024.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Civil No. 24-00035 HG-BMK; *In re Maui Fire Cases*; FINDINGS AND RECOMMENDATION TO REMAND CASE